**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
CORINTH KING,

                       Plaintiff,

              - against -

MICHAEL J. ASTRUE, *Commissioner of Social Security*,

                       Defendant.
----------------------------------------------------------X

**REPORT & RECOMMENDATIONS**

09-CV-1244 (JG) (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

      Plaintiff Corinth King ("Plaintiff") brought this action against the Commissioner of Social Security (the "Commissioner"), appealing a partial denial of Social Security benefits. Although the merits of the case have been decided, Plaintiff's counsel now petitions for an award of attorney's fees pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 406(b). On September 17, 2010, the Honorable John Gleeson referred the motion to me for a report and recommendation. (Docket Entry, 9/17/2010.) For the reasons set forth below, I respectfully recommend that counsel's petition be granted, and that he be awarded $28,726.50 in attorney's fees.

## BACKGROUND

      In April 1997, Plaintiff applied for Social Security disability benefits. *King v. Astrue*, No. 09-CV-1244, 2009 WL 3300261, at *2 (E.D.N.Y. Oct. 14, 2009). An Administrative Law Judge ("ALJ") initially found that Plaintiff was not disabled, and denied her application. *Id*. Plaintiff requested a review, resulting in the Appeals Council's decision to vacate the ALJ's findings. *Id*.

On remand, the same ALJ again found that Plaintiff was not disabled, and her subsequent request for review of that decision was denied. *Id*. Thereafter, Plaintiff successfully sought relief in federal court, where the Honorable Nicholas Garaufis remanded the case to a different ALJ for proceedings. *Id.*

Throughout this first round of proceedings, Plaintiff was represented by other counsel. (Affidavit of Corinth King ("King Aff."), dated Aug. 26, 2010, ¶ 2.) Before the next hearing, Plaintiff retained Douglas C.J. Brigandi ("Brigandi") to represent her. (*See id*. at ¶¶ 3-7.) Brigandi represented Plaintiff on a contingency fee basis, at a rate of "twenty-five percent (25%) of past-due benefits withheld by SSA . . . , or $2,000.00, whichever is greater." (Affidavit of Douglas C.J. Brigandi ("Brigandi Aff."), dated Aug. 26, 2010, Exh. B; King Aff. ¶ 9.)

At Plaintiff's third administrative hearing, the presiding ALJ again found that Plaintiff was not disabled. *King*, 2009 WL 3300261, at *2. Plaintiff applied for a rehearing, and the Appeals Council remanded the case. *Id*. On remand, the ALJ found that Plaintiff was only eligible for partial benefits. *Id*. Again, Plaintiff requested a review, but this time the Appeals Council denied her request. *Id.* Plaintiff filed a second complaint in this Court, alleging that the Commissioner's determination was not supported by substantial evidence. (Docket No. 1.) Following cross-motions and oral argument, Judge Gleeson found that Plaintiff was eligible for disability benefits and remanded the case solely for the calculation of benefits. *Id*. at *2, 13. The Commissioner issued Plaintiff a notice of award of $87,337.90 in retroactive benefits, $1,062.00 monthly going forward. (Brigandi Aff., Exh. A.)

Thereafter, the parties stipulated to an award of $4,506.25 in Plaintiff's attorney's fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (Docket No.

2

21; Docket Entry, 12/03/2009.) Brigandi remitted this EAJA award to Plaintiff upon receipt, as is his usual practice. (Brigandi Aff. at 2.) Brigandi now petitions for an award of $28,726.50 in attorney's fees, an amount equal to twenty-five percent of Plaintiff's back-paid benefits, under Section 406(b) of the Social Security Act. (Docket No. 23.)

**DISCUSSION**

There are three ways that attorney's fees may be recovered in a social security case: (1) under Section 406(a) of the Act for work done at the administrative level, 42 U.S.C. § 406(a); (2) under Section 406(b) of the Act for work done for a federal court case, 42 U.S.C. § 406(b); or (3) under the EAJA, 28 U.S.C. § 2412(d)(1)(A). *Rowell v. Astrue*, No. 05-CV-1592, 2008 WL 2901602, at *2 (E.D.N.Y. July 28, 2008). An attorney may seek fees under both Section 406(b) and the EAJA, but if awarded both, the attorney must refund the smaller of the two to the client. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Here, Brigandi has already received and refunded EAJA fees, presumably working under the assumption that the 406(b) fees will exceed the $4,506.25 EAJA award.

The Act allows courts to approve attorney's fees up to twenty-five percent of the total past-due benefits to which the plaintiff is entitled. 42 U.S.C. § 406(b)(1). However, even where the attorney and client have agreed upon a contingent fee arrangement under the statutory cap, courts must still examine the fee arrangement to determine if it is reasonable. *See Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (explaining that agreements within the twenty-five percent cap "cannot simply be adopted as *per se* reasonable"). Such inquiry requires courts to consider whether there was fraud or overreaching in making the agreement, whether the attorney

3

caused unnecessary delay inflating the award, and whether the requested amount is a windfall for the attorney. *Id.* at 372; *Salvo v. Comm'r of Soc. Sec.*, --- F. Supp. 2d ----, 2010 WL 4705138, at *8 (S.D.N.Y. 2010).

In the instant case, there does not appear to have been, nor is there alleged to have been, any fraud of overreaching in the agreement, nor is there any evidence or suggestion that counsel unnecessarily delayed Plaintiff's proceedings inflating his award. The Commissioner's only objection is that an award of $28,726.50 would be a windfall to Brigandi who spent 23.75 hours on the federal case. (Defendant's Recommendation Regarding Plaintiff's Counsel's Motion for Attorney Fees ("Def. Mem."), dated Sept. 22, 2010, at 3-4.) The Commissioner argues that Brigandi requests an "inordinately large fee", an argument based solely on the Commissioner's calculation of Brigandi's de facto hourly rate as $1,209.52. (*Id.*)[1] As the Commissioner notes, courts have found slightly higher hourly rates to constitute a windfall to attorneys in other cases resulting in the reduction of fees, *see, e.g.*, *George v. Astrue*, No. 04-CV-1545, 2009 WL 197054, at *2 (E.D.N.Y. Jan. 28, 2009) ($1,275.34/hour constituted a windfall); *Benton v. Comm'r Soc. Sec.*, No. 03-CV-3154, 2007 WL 2027320, at *3 (E.D.N.Y. May 17, 2007) ($1,334.17/hour constituted a windfall); however, the particular circumstances of this case do not warrant a reduction, *see, e.g.*, *Briem v. Barnhart*, No. 05-CV-6219, 2006 WL 3374955, at *1 (W.D.N.Y. Nov. 17, 2006) ($1,300/hour did not constitute a windfall).

There is "no clear set of criteria for determining when an award would result in a windfall" for an attorney under Section 406(b), *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005); however, the lodestar method has been rejected by the Supreme Court as a

---

[1] By my calculations, the de facto hourly rate would in fact be $1,209.54.

means to determine what a reasonable fee is under the Act, *Gisbrecht*, 535 U.S. at 802-03, 808. *See also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) ("[T]he traditional lodestar method . . . is not appropriate for evaluating a reasonable fee to be paid by the client in a social security case where there is a contingent fee agreement."). Many courts continue to consider the resulting hourly rate when determining whether a requested fee constitutes a windfall, but also recognize that other factors are relevant to the consideration, such as:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Trupia v. Astrue*, No. 05-CV-6085, 2008 WL 858994, at *4 (E.D.N.Y. Mar. 27, 2008) (quoting *Joslyn*, 389 F. Supp. 2d at 456-57); *see also Boyd v. Barnhart*, No. 97-CV-7273, 2002 WL 32096590, *3 (E.D.N.Y. Oct. 24, 2002) (assessing these factors).

It must be noted that the Commissioner objects to Brigandi's inclusion of time spent on the administrative matters in his submissions to this Court and argues that only those hours expended on the federal case be considered. (Def. Mem. at 3.) Although the 406(b) award is only for attorney hours spent on the federal case, courts may also consider the "time and effort the attorney expended at the administrative level" in assessing the complexity of the case, the skills necessary to handle the case, the risks involved and the significance of the federal court decision. *Destefano v. Astrue*, No. 05-CV-3534, 2008 WL 623197, at *6 (E.D.N.Y. Mar. 4, 2008) (quoting *Joslyn*, 389 F. Supp. 2d at 457). *See also Lapatra v. Astrue*, 530 F. Supp. 2d 453, 456, n.1 (W.D.N.Y. 2008); *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005).

As the Commissioner asserts, Brigandi spent only 23.75 hours on the federal case, (Def. Mem., Appx A); however, Brigandi has represented Plaintiff during the course of five years, two administrative hearings, two appeals to the Appeals Council and this federal court case. In total, Brigandi has spent an additional 57 hours working on Plaintiff's claim for disability benefits. Brigandi spent few hours on the federal case not because this was a particularly simple claim or because he relied upon boilerplate language and arguments. Rather, the federal case required less attorney hours because he used his expertise in the area to develop a thorough record upon which to rely and as a result, was able to finally secure a favorable decision for Plaintiff after nearly 13 years of litigation. He should not be penalized for efficiency in bringing the federal case to a resolution. *See Maguire v. Barnhart*, No. 05-CV-2905, 2009 WL 2601308, at *2 (E.D.N.Y. Aug. 20, 2009) (declining to penalize attorney for efficiently and very successfully litigating plaintiff's social security case, thus awarding him the full contingency fee amount); *Maier v. Apfel*, No. 95 Civ. 9264, 1998 WL 401536, at *2 (S.D.N.Y. July 17, 1998) ("The plaintiff's counsel should not be penalized for working efficiently on the case as compared to other attorneys who might have taken longer to perform the same work and whose corresponding hourly rate would be lower due to their lack of experience and productivity.").

In this case, the amount due under the contingency agreement may be significant, but the accrual of back-benefits was not due to Brigandi's delays or misdeeds, but rather the continual yo-yoing of Plaintiff's claim through the SSA. Indeed, by the time Brigandi entered the picture, two administrative hearings, two appeals to the Appeals Council and a federal case had already been litigated by a different attorney for the same claim.

Despite the fact that this award results in a high hourly rate, "policy is more persuasive

6

than hourly rate arithmetic" in any event. *Destafano*, 2008 WL 623197, at *7; *see also Maguire*, 2009 WL 2601308, at *2 (awarding $29,017.08 "despite the 'hourly rate' [of $800.47] to which the requested award would work out"); *Joslyn*, 389 F. Supp. 2d at 457 (rejecting the Commissioner's argument that attorney's fees constituted a windfall merely because of a high hourly rate—$1,015.59—since such argument fails to account for the risk taken on by counsel and the effort, skill, and efficiency with which the case was handled). Plaintiff freely entered into a contingency fee arrangement with Brigandi and there is no compelling reason to dishonor the agreement. "[A] reduction in [an] agreed-upon contingency amount should not be made lightly." *Destafano*, 2008 WL 623197, at *7 (quoting *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 324 (S.D.N.Y. 2007)). Contingency fee arrangements are necessary to ensure that attorneys continue representing clients like Plaintiff. Moreover, Brigandi assumed significant risk when he agreed to represent Plaintiff for a claim that had already been denied twice at the administrative hearing level. In fact, Plaintiff recognizes the risks Brigandi assumed and the value of his representation, and she in turn asks that this Court authorize the requested fee for his services. (*See generally* King Aff.) Given the expertise and efficiency with which Brigandi handled this case and the risk he assumed in taking it, I recommend that the Court find the requested amount reasonable and award Brigandi $28,726.50 in attorney's fees.

## **CONCLUSION**

For the foregoing reasons, I respectfully recommend that the motion for attorney's fees pursuant to 42 U.S.C. § 406(b) be granted.

Any objections to this Report and Recommendation must be filed with the Clerk of the

Court and the Honorable John Gleeson within fourteen days of receipt hereof.  Failure to file timely objections may waive the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

**Dated:  January 25, 2010**
 **Brooklyn, New York**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**